# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNCLE FESTER'S, LLC, and <br> TIMOTHY E. WERGIN, <br><br> Defendants. | Case No. 18-CV-1436-JPS <br><br><br> **ORDER** |

On September 13, 2018, Plaintiff filed this action alleging claims arising from Defendants' unlicensed broadcasting of the Floyd Mayweather, Jr. vs. Conor McGregor boxing match on August 26, 2017, in violation of 47 U.S.C. §§ 553, 605. (Docket #1). Defendants were served on October 26, 2018 and November 3, 2018, respectively. (Docket #5). Defendants did not appear or otherwise defend this action within the time provided by the Federal Rules of Civil Procedure, and so the Clerk of the Court, at Plaintiff's request, entered default against Defendants on December 28, 2018.

On March 12, 2019, Plaintiff filed a motion for entry of a default judgment against Defendants. (Docket #7). Plaintiff's certificate of service reflects that Defendants were served with this motion by certified mail on the date that it was filed. (Docket #7 at 3). Defendants have not responded to the motion in any fashion, and the deadline for doing so has expired. *See* Civ. L.R. 7(b); Fed. R. Civ. P. 6(d) (providing three additional days to respond to motions served by mail). As a result, the Court treats the motion as unopposed. Civ. L.R. 7(d). The facts pleaded in the complaint establish

Defendants' liability. (Docket #1 at 3–4). Plaintiff nevertheless bears the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citations and quotations omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Here, Plaintiff seeks the following damages: (1) statutory damages of $5,000.00 under 47 U.S.C. § 605(e)(3)(C)(i)(II), to cover the licensing fee and estimated profits from the unauthorized broadcast of the fight; (2) enhanced damages of $20,000.00 under 47 U.S.C. § 605(e)(3)(C)(ii) to punish and deter future willful piracy for commercial advantage; (3) costs of $506.00 associated with prosecuting the violation; and (4) attorneys' fees. (Docket #7-1 at 16). Plaintiff has provided evidence in support of its requests, including an affidavit from the investigator and a licensing fee schedule.

Under 47 U.S.C. § 605(e)(3)(C)(i)(II), Plaintiff may recover damages between $1,000.00 and $10,000.00 for each violation of the statute. Plaintiff provides evidence that the Defendants failed to pay a licensing fee of $3,700.00 and illegally broadcast the boxing match to approximately 30 people on two television sets. Defendants also instituted a two-drink minimum for the night in question. The Court finds this sufficient to establish damages under Section 605(e)(3)(C)(i)(II), and accordingly grants

the request for $5,000.00, which captures the cost of the licensing fee and any ill-gotten profits, in addition to the $506.00 in costs relating to the prosecution of the violation.

To evaluate enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii), the Plaintiff must show that the Defendants' conduct was willful. "'Willful' as used in these statutes means a 'disregard for the governing statute and an indifference for its requirements.'" *Kingvision Pay-Per-View, Ltd. v. Scott E's Pub., Inc.*, 146 F. Supp. 2d 955, 959 (E.D. Wis. 2001) (quoting *ON/TV v. Julien*, 763 F.2d 839, 844 (7th Cir. 1985)). The Court may infer willfulness from a defendant's failure to litigate. *J&J Sports Prod., Inc. v. Mojitos Mex. Grill & Bar, LLC*, 2018 WL 1709410, at *2 (E.D. Wis. April 9, 2018). Courts in this district consider a number of factors when assessing enhanced damages, including: (1) the defendant's prior violations; (2) the amount by which the defendant profited; (3) the plaintiff's actual damages; (4) whether the defendant advertised for the event; and (5) whether the defendant charged a cover for the night in question. *Id.* at *3 (awarding $6,600.00 in enhanced damages on default judgment where defendant had no history of piracy, the extent of ill-gotten gains or actual damages was unknown, there were only between 65 and 80 patrons in the restaurant at the time, and there was no advertising or cover fee charged).

The cases that Plaintiff cites from other circuits indicate a similar analysis for enhanced damages. *See J&J Sports Prod., Inc. v. Sugar Café, Inc.*, 2018 WL 324266, at *2 (S.D.N.Y. Jan. 5, 2018) (awarding enhanced damages of $8,000.00 on a default judgment where there was evidence that the café charged a substantial cover and profited handsomely from the event); *J&J Sports Prod., Inc. v. Gencarelli*, 2012 WL 4442514, at *3 (D.N.J. Sept. 21, 2012) (awarding enhanced damages of $2,000.00 on default judgment based on

the number of patrons who viewed the event); *J&J Sports Prod., Inc. v. Castrillion*, 2009 WL 1033364, at *4 (E.D.N.Y. April 16, 2009) (awarding enhanced damages of $22,000.00 on a default judgment where the establishment had a sizeable audience, there was evidence of use of an unauthorized decoder, and, absent penalties, it was highly likely that the defendant would continue to unlawfully display programming); *J&J Sports Prod., Inc. v. Cortes*, 2012 WL 2370206, at *2 (D. Minn. June 22, 2012) (awarding enhanced damages of $11,000.000 on default judgment where the defendant had displayed the program to a crowd of over 100 people and charged a cover fee); *Joe Hand Promotions, Inc. v. Gamino*, 2011 WL 66144, at *4 (E.D. Cal. Jan. 10, 2011) (awarding enhanced damages $25,000.00 on default judgment where defendant previously committed similar acts of privacy).

In this case, the Court infers from the failure to defend that Defendants willfully broadcast the boxing match without paying the licensing fee; therefore, enhanced damages are permissible. However, Defendants have committed no prior acts of piracy, and only broadcast the boxing match to a crowd of 30 people. There is evidence that Defendants made a Facebook post advertising that they would broadcast "the fight" with a two-drink minimum. In light of the modesty of the crowd and the fact that this was Defendants' first and only violation, the Court determines that the requested $20,000.00 in enhanced damages is too high. It finds, instead, that an additional $3,700.00—the cost of the licensing fee—in enhanced damages is sufficient to punish and deter. The Court has thus determined "that defendant[] [is] liable to plaintiff as to each cause of action alleged in the complaint" by its entry of default, and that Plaintiff's claimed damages are reasonably certain and well-supported. *Breuer Elec. Mfg. Co. v.*

*Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). The Court will now grant the request for a default judgment and award Plaintiff $5,000.00 for the statutory violation pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); $3,700.00 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and $506.00 for costs associated with prosecuting the violation pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), for a total of $9,206.00 in damages, plus post-judgment interest as provided by law and reasonable attorneys' fees. *Id.*

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Docket #7) be and the same is hereby **GRANTED**; Defendants shall pay to Plaintiff the total sum of $9,206.00, together with post-judgment interest as provided by law and reasonable attorneys' fees as later determined by the Court absent an agreement of the parties; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge